KÄSSEL v. JEUDA.

(Supreme Court, Appellate Division, First Department. May 17, 1901.)

TEMPORARY INJUNCTION—TRADE-MARK—CIGARETTE PACKAGE—IMITATION.
    Where it appeared by affidavit that plaintiff had been using a certain color and style of lettering for his cigarette boxes since 1889, and defend- ant in 1900 began putting up cigarettes in packages having the color, style of lettering, and most noticeable word on the label identical with plaintiff's packages, and that when defendant gave the order for the manufacture of his boxes he held in his hand one of plaintiff's boxes, and dictated the label from that, plaintiff was entitled to a temporary injunction restraining defendant from using such packages pending trial of a suit for permanent injunction.

Appeal from special term.

Action by Philip Kassel against Nissim M. Jeuda. From an order continuing a temporary injunction, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Frederick E. Anderson, for appellant.
T. F. Bourne, for respondent.

INGRAHAM, J. The plaintiff shows that prior to the year 1889 he established himself in business as a manufacturer of cigarettes in the city of New York, and that at the commencement of this business he adopted a box or wrapper for these cigarettes with the name "Imperial Turkish Cigarettes," and a distinctive pink coloring,

and with letters printed in blue and gold. These boxes with this coloring and lettering have been used continually by the plaintiff since 1889, and had become known in the trade as distinguishing the plaintiff's goods from cigarettes manufactured by others. These boxes were manufactured by Munson & Co., manufacturers, of New Haven, Conn. It appears that in October, 1900, the defendant ordered of the representative of Munson & Co. 100,000 cigarette boxes (75,000 in pink, and 25,000 in white), the same size and style as the Kassel Imperial boxes; that he indicated the label that he wished upon the boxes, which included the word "Imperial," used by the plaintiff upon its label; that when the defendant gave the order for the lettering on the boxes he held in his hand one of the plaintiff's boxes, and from that he dictated the printed matter and design that he wished printed upon the boxes he was then ordering. Munson & Co. refused to accept this order without first submitting it to the plaintiff for his inspection. The plaintiff strenuously objected to its use, and thereupon Munson & Co. refused to furnish the boxes to the defendant. The defendant then procured the boxes to be manufactured elsewhere, and used them in the sale of his goods. There was also evidence to show that, after the defendant's goods were put upon the market, when the customers of the plaintiff asked for his goods they were given the goods of the defendant, and that the similarity of the appearance of the package was so great that persons desiring plaintiff's goods were furnished with those of the defendant. I think it quite apparent that, when the defendant adopted this particular form of package, he did it with notice that it was an imitation of the plaintiff's box, and with the intention of imitating it as nearly as he could with safety. It is a little difficult to see what object the defendant could have in adopting a new device for his goods in November, 1900, which so nearly resembles the plaintiff's package, unless he intended in some way to take an unfair advantage of the plaintiff; and certainly, under these circumstances, it was not improper to restrain the defendant from continuing the use of these boxes which he had adopted, and which so closely resemble the plaintiff's package, until he establishes upon the trial his right to so use them. We think, upon the affidavits, the court below was justified in continuing this injunction until the trial. It is only fair to say, however, that, as this order was made on affidavits, an entirely different case may be made upon the trial. The granting or the continuing of the injunction before judgment in a case of this character should not determine the rights of the parties to the final judgment. We cannot say, upon the proofs in this case, that the court erred in restraining the defendant from the use of the box and label until the trial of the action.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.